IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FOUR SEASONS ENVIRONMENTAL, INC. | |
| Plaintiff/Counterclaim Defendant, | Case No. 1:16-CV-364 |
| v. | Judge Dlott |
| THE SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS PENSION PLAN, et al., | Magistrate Judge Litkovitz |
| Defendants/Counterclaim Plaintiff. | |
| and | |
| FOUR SEASONS ENVIRONMENTAL, INC., | |
| Counterclaim Defendant/ Third Party Plaintiff, | |
| v. | |
| SOUTHWEST OHIO DISTRICT COUNCIL OF CARPENTERS | |
| Third Party Defendant | |

## AGREED PROTECTIVE ORDER

Plaintiff/Counterclaim Defendant/Third Party Plaintiff Four Seasons Environmental, Inc. ("FSE"), Defendants/Counterclaim Plaintiffs the Southwest Regional Council of Carpenters Pension Plan, et al. (the "Plan"), and Third Party Defendant the Southwest Ohio District Council of Carpenters (the "Union") are presently engaged in discovery in the above-referenced matter. As a part of that process, FSE has agreed to produce documents which containing (1) proprietary/trade secret information; (2) private and confidential information about FSE

employees, and/or (3) other information that would damage FSE's legitimate business interests if disseminated to the public (collectively, "Confidential Information"). In addition, the Plan and/or the Union may also possess Confidential Information that will be produced in discovery. Accordingly, in consideration of these factors, FSE, the Plan, and the Union hereby agree:

1. All pages produced by any party in response to written discovery requests that contain Confidential Information will be marked "Confidential."

2. The parties and their counsel may use Confidential Information only for purposes of this case, and not for any other purpose. Further, the parties and their counsel agree that they will not disseminate or distribute Confidential Information to third parties (i.e., parties not involved in this action) without first obtaining prior written consent from the producing party and/or the Court.

4. If, in the course of this case, a party or its counsel desire to share Confidential Information with a third party witness for purposes of this case, they may only do so only for purposes of this case and only after first receiving the commitment from the third party that the Confidential Information will remain confidential and that it will not be shared, disseminated or distributed to anyone else. Copies of Confidential Information will not be given to or retained by anyone other than the parties and their counsel.

5. After this case is concluded and in accordance with the respective parties' document retention policies, the parties will promptly destroy or return all Confidential Information to the producing party. If destroying the Confidential Information, such party will provide written confirmation of same to the producing party within seven (7) business days after the destruction of the documents.

6. The parties agree that should any party desire to use Confidential Information in a filing with the Court or other public forum, appropriate steps will be taken to protect the confidentiality of the Confidential Information, including without limitation personal identifying information and employee information. The parties agree to work together to maintain the confidentiality of the Confidential Information. If a party believes that a document that has been designated as Confidential Information does not qualify as such under this Order, then that party will first try to work the issue out with the other party. If the parties cannot resolve the issue, they will follow the Court's procedures for resolving discovery disputes.

7. This Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and good cause shown, including the legal basis for filing under seal. *See Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

8. The Court may modify Order as appropriate. At all times, the burden of proving that something qualifies as Confidential Information remains with the party asserting the confidentiality.

SO ORDERED

*Karen L. Litkovitz*
Karen Litkovitz
United States Magistrate Judge

AGREED:

/s/ *Jennie G. Arnold* (per e-mail authority)
Jennie G. Arnold (0084697)
Robert A. Flores (0091077)
LEDBETTER PARISI
9240 Marketplace Drive
Miamisburg, Ohio 45342
Telephone: (937) 619-0090
Facsimile: (937) 619-0999
jarnold@fringebenefitlaw.com
rflores@fringebenefitlaw.com

Attorneys for the Plan

/s/ *Jeffrey N. Lindemann*
Jeffrey N. Lindemann (0053073)
FROST BROWN TODD, LLC
One Columbus – Suite 2300
10 West Broad Street
Columbus, Ohio 43215-3466
Telephone: (614) 464-1211
Facsimile: (614) 464-1737
jlindemann@fbtlaw.com

Attorney for FSE

/s/ *Paul T. Berkowitz* (per e-mail authority)
Russell E. Carnahan (0011801)
HUNTER, CARNAHAN, SHOUB,
  BYARD & HARSHMAN
3360 Tremont Road; 2nd Floor
Columbus, Ohio 43221
Telephone: (614) 442-5626
Facsimile: (614) 442-5625
rcarnahan@hcands.com

Paul T. Berkowitz (0098857)
PAUL T. BERKOWITZ & ASSOCIATES
123 West Madison Street; Suite 600
Chicago, Illinois 60602
Telephone: (312) 419-0001
Facsimile: (312) 419-0002
paul@ptblaw.com

Attorneys for the Union

0112009.0629791  4821-0902-3044v1